**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIEL RHODES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-2343-D** |
| | § | |
| **TIBOR PRINCE** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, entered January 26, 2006, the District Court referred Defendant the City of Arlington Police Department's motion to dismiss, filed January 23, 2006, to the United States Magistrate Judge for hearing, if necessary, and recommendation. Plaintiff filed a response on February 13, 2006.

**BACKGROUND**

Plaintiff is a Crime Scene Investigator in the Investigative Services Bureau at the City of Arlington Police Department. (*Pl.'s Am. Compl.* at 2.) Part of Plaintiff's job is to teach classes instructing new officers on crime scene investigation techniques, including fingerprinting techniques. (*Id.*) Plaintiff states that Defendant Tibor Prince ("Prince") participated in one of Plaintiff's classes in June of 2003. (*Id.*)

In the Fall of 2003, Plaintiff, along with other employees of the Investigative Services Bureau, complained about alleged misconduct and illegal behavior of their supervisors. (*Id.*) One of the supervisors they complained about was Defendant Gary Krohn ("Krohn"). (*Id.*)

On November 26, 2003, the City of Arlington received complaints about burglaries committed at apartments located at 2500 Sweetgum Trail in Arlington, Texas. (*Id.*) Police officers from the City of Arlington Police Department responded to these complaints. (*Id.*) Prince claimed that he obtained fingerprints from one of the apartments that was allegedly burglarized, and the fingerprints Prince claimed he obtained from the apartment were later identified as Plaintiff's fingerprints. (*Id.* at 2-3.) Defendant William Harris ("Harris") claimed that he witnessed Prince obtain the fingerprints from the apartment. (*Id.* at 3.) Plaintiff states that the fingerprint card upon which Prince claimed to have obtained Plaintiff's fingerprints is the same type of card Plaintiff used when training new officers. (*Id.*)

On December 4, 2003, Krohn announced in a meeting that he was being transferred from the Investigative Services Bureau. (*Id.*) After this announcement, Krohn told Plaintiff to attend a meeting with Defendant Jerry D. Carroll ("Carroll") and Defendant James F. Roach ("Roach"), and during this meeting, Roach and Carroll accused Plaintiff of the burglary that occurred on November 26, 2003, and advised him that a criminal investigation was pending against him. (*Id.*) On December 5, 2003, Carroll initiated an Internal Affairs misconduct investigation against Plaintiff, and Plaintiff was placed on administrative leave. (*Id.* at 3-4.) On December 19, 2003, Plaintiff was interrogated and fingerprinted, and Roach told Plaintiff that Roach did not believe that Plaintiff committed the burglary. (*Id.* at 4.) On December 22, 2003, the Assistant Chiefs of Police, Larry Boyd and Tommy Ingram, indicated to Plaintiff that Krohn and Roach had stated that the fingerprints Prince said he obtained from the apartment could not have been obtained from the apartment. (*Id.*) Plaintiff returned to work on December 30, 2003. (*Id.*)

Plaintiff initiated this lawsuit on November 29, 2005, against Prince, Harris, Roach, Krohn,

Carroll, and the City of Arlington Police Department ("the City").  Plaintiff claims that Prince,

Harris, Roach, Krohn, and Carroll "acted in concert" to retaliate against him for complaining about

his supervisors.  (*Id.* at 5.)  Plaintiff argues that they falsely accused, arrested, and detained him,

which violated his First Amendment right of free speech; his Fourth Amendment rights to be secure

in his person, to be free from unlawful and unreasonable search and seizure, and to be free from

"state occasioned injury and damage to his person"; and his Fourteenth Amendment right to due

process.  (*Id.* at 5-6.)  Plaintiff brings these constitutional claims against Defendants pursuant to 42

U.S.C.A. § 1983.  Plaintiff also accuses the individual Defendants of the following torts: false arrest,

tortious interference with business relationships, and intentional infliction of emotional distress.  (*Id.*

at 6-7.)  Pursuant to the Texas Tort Claims Act ("TTCA"), Plaintiff claims that the City is liable for

any actions committed by the individual Defendants that were due to mistake, carelessness,

inadvertence, and/or negligence.  (*Id.* at 8.)  Plaintiff alleges that the City is liable for the damage

done to Plaintiff due to the misuse of his tangible property - the fingerprint cards.  (*Id.*)  Plaintiff

seeks a declaratory judgment, attorney's fees, economic damages, damages for medical bills,

damages for physical pain and emotional distress, and pre and post judgment interest.  (*Id.* at 9-11.)

The City states the following as grounds for dismissing Plaintiff's claims: (1) governmental

immunity bars Plaintiff's tort claims and (2) the Texas Declaratory Judgment Act is inapplicable.

## STANDARD OF REVIEW

When considering a motion to dismiss, the Court accepts as true the factual allegations plead

by the non-moving party and any reasonable inferences that the Court can draw from the factual

allegations.  *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).  The non-moving party

"must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## DISCUSSION

### I.  Does Governmental Immunity Bar Plaintiff's Claim?

The City argues that governmental immunity bars Plaintiff's claim. (*Def.'s Mot.* at 2.) Plaintiff argues that the City has waived governmental immunity under § 101.021(2) of the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005).

Under Texas law, a governmental unit is immune from tort liability unless the state Legislature has specifically waived the government's immunity. *Harris County v. Dillard*, 883 S.W.2d 166, 168 (Tex. 1994). Section 101.021(2) of the TTCA waives governmental immunity when "a condition or use of tangible personal or real property" caused personal injury or death. Plaintiff argues that the City's misuse of his tangible personal property - his fingerprint cards - "at least in part" caused him harm. (*Pl.'s Am. Compl.* at 8.) Plaintiff alleges that he suffered economic damages, including lost overtime and "other lost opportunities." (*Id.* at 10.) Plaintiff also claims that he incurred legal fees and expenses defending himself against a criminal prosecution and internal affairs investigation, medical bills, physical pain and suffering, mental anguish, and emotional distress. (*Id.*)

For a governmental entity to waive immunity under § 101.021(2), the condition or use of

4

tangible property must have *proximately* caused the personal injury. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). "The traditional proximate cause elements are cause in fact and foreseeability." *Tex. Dept. of Criminal Justice v. Hawkins*, 169 S.W.3d 529, 534 (Tex. App. –Dallas 2005) (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)). The "cause in fact" requirement is fulfilled if the act or omission was a substantial factor in causing the personal injury, and without the act or omission, the harm would not have occurred. *Travis*, 830 S.W.2d at 98. The "foreseeability" requirement is fulfilled if the governmental actor, who is assumed to be someone of ordinary intelligence, should have anticipated the danger his or her negligence created for others. *Id.* The City argues that it did not waive governmental immunity because the fingerprint card did not actually cause Plaintiff's injuries. (*Def.'s Mot.* at 2-3.)

The Court concludes that Plaintiff has plead sufficient facts to show that the City waived its governmental immunity pursuant to § 101.021(2). Plaintiff alleges that the misuse of his fingerprint cards was the main factor that lead to his administrative leave and investigation, which in turn caused his personal injury. After the parties conduct discovery, further evidence may illustrate that the individual Defendants' alleged misuse of Plaintiff's fingerprint cards was just one part of "a sequence of events" or merely furnished the condition that made Plaintiff's injury possible. *See Bossley*, 968 S.W.2d at 343 (holding that "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible" and that property does not cause injury if it is only "part of a sequence of events" that results in the plaintiff's injury). At this point, without more evidence of the claimed conspiracy between the individual Defendants, Plaintiff has plead enough facts, that if taken as true, illustrate that misuse of property by the individual Defendants caused his

5

personal injury.  The facts plead by Plaintiff demonstrate that the misuse of Plaintiff's fingerprint cards was a substantial factor in causing his injury, which satisfies the "cause in fact" requirement. In addition, the individual Defendants should have been able to anticipate that misusing the fingerprint cards in that manner would cause injury to Plaintiff, which satisfies the "foreseeability" requirement.  Accordingly, the Court recommends that the District Court deny the City's motion to dismiss as it pertains to Plaintiff's TTCA claim against the City.

## II.  Does the Declaratory Judgment Act Apply?

Part of the relief that Plaintiff seeks is a declaratory judgment pursuant to the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001-37.011 (Vernon 2005).  (*See Pl.'s Am. Compl.* at 9-10.)  Plaintiff requests a declaration that: (1) his arrest and detention were without legal authority or justification and were therefore illegal and void; (2) Plaintiff's criminal prosecution was without legal authority or justification and was therefore illegal and void; and (3) his internal affairs investigation was without legal authority or justification and was therefore illegal and void.  (*Id.* at 10.)  Plaintiff also requests that the Court expunge from the City's records all records of his arrest, detention, criminal prosecution and internal affairs investigation and that the City deliver all of these records to Plaintiff.  (*Id.*)

The City claims that the Texas Declaratory Judgment Act is inapplicable.  (*Def.'s Mot.* at 3.) The City argues that, pursuant to the Public Information Act, it has a duty to disclose its records to the public.  (*Def.'s Mot.* at 3.)  The City also claims that only the Attorney General may determine if a governmental body's records are exempt from disclosure.  (*Id.*)

In Plaintiff's amended complaint, he seeks a declaratory judgment pursuant to the Texas Declaratory Judgment Act.  (*Pl.'s Am. Compl.* at 9-10.)  The Court cannot award relief pursuant to

the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules.  *See Self-Ins. Inst. of Am. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995) (holding that the Texas Declaratory Judgment Act does not apply in federal cases arising under federal question subject matter jurisdiction); *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (extending the holding in *Korioth*, 53 F3d 694, to apply to federal cases predicated upon diversity subject matter jurisdiction).  Since the Court is considering whether Plaintiff has plead facts sufficient to state a claim under any law, the Court instead considers whether Plaintiff has stated a claim for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201.

The Declaratory Judgment Act provides that "[i[n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a) (2005).  District courts have discretion to determine whether to consider requests for declaratory judgment.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

The Court concludes that Plaintiff has stated a claim for declaratory judgment because he has asked the Court to declare his legal rights, but the decision to consider his claim is discretionary.[1]  The declaratory relief that Plaintiff requests is intertwined with the merits of this case.  Plaintiff's request for declaratory judgment and Plaintiff's claims against the individual Defendants and the City both require the Court to determine the legality of Plaintiff's internal investigation, arrest, interrogation, and criminal investigation.  The Court, therefore, concludes that

---

[1]The Court does not reach the issues of whether the District Court is authorized to order the City to expunge Plaintiff's record and whether the District Court is authorized to order the City to turn Plaintiff's records over to him.

the District Court should wait to determine whether to exercise its discretion to consider Plaintiff's request for declaratory judgment until Plaintiff's other claims against Defendants have been resolved.  Accordingly, the Court recommend that the City's motion to dismiss be denied in respect to Plaintiff's request for declaratory judgment.

## CONCLUSION

The Court concludes that Plaintiff has stated a tort claim against the City pursuant to the TTCA  The Court further concludes that the District Court should decide whether to exercise its discretion to consider Plaintiff's declaratory judgment request after Plaintiff's other claims against Defendants have been resolved.

## RECOMMENDATION

The Court recommends that the City's motion to dismiss be **DENIED**.

Signed this 11th day of April, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.    *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE