```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
              DALLAS DIVISION

DANIEL F. RHODES,              §
                               §
            Plaintiff,         §
                               § Civil Action No. 3:05-CV-2343-D
VS.                            §
                               §
TIBOR PRINCE, et al.,          §
                               §
            Defendants.        §
```

## MEMORANDUM OPINION AND ORDER

Defendant City of Arlington ("the City") moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), seeking dismissal of the claims of plaintiff Daniel F. Rhodes ("Rhodes") under the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 2005), and for declaratory judgment. For the reasons that follow, the court denies the motion.

I

This case is the subject of several prior opinions of the court and the magistrate judge.[1] Rhodes is a Crime Scene Investigator in the Arlington Police Department ("APD") Investigative Services Bureau ("ISB"). Part of his job is to teach classes instructing new officers on crime scene investigation techniques, including fingerprinting techniques. Defendant Tibor Prince ("Prince") participated in one of these classes.

Rhodes and other ISB employees complained about alleged

---

[1]Consistent with the standards set out *infra* at § II, the court recounts the facts favorably to Rhodes as the nonmovant.

misconduct and illegal behavior by their supervisors, including defendant Gary Krohn ("Krohn").  The City received complaints about burglaries committed at an apartment complex, and APD police officers responded to them.  According to Prince, he obtained fingerprints from one of the apartments that he later identified as being Rhodes's.  Defendant William Harris ("Harris") asserted that he witnessed Prince obtain the fingerprints.  The fingerprint card from which Prince claimed to have obtained Rhodes's fingerprints is the same type of card Rhodes used when training new officers.  Krohn later announced in a meeting that he was being transferred from the ISB.

After the announcement, Krohn told Rhodes to attend a meeting with defendants Jerry D. Carroll ("Carroll") and James F. Roach, III ("Roach").  During the meeting, Roach and Carroll accused Rhodes of the burglary and advised him that a criminal investigation was pending against him.  Carroll initiated an internal affairs misconduct investigation against Rhodes, who was placed on administrative leave.  Rhodes was interrogated and fingerprinted, but Roach informed Rhodes that he did not believe that Rhodes had committed the burglary.  Later, two APD Assistant Chiefs of Police indicated to Rhodes that Krohn and Roach had stated that the fingerprints Prince said he obtained from the apartment could not have been found there.  Rhodes eventually returned to work.

Rhodes sued Prince, Harris, Roach, Krohn, Carroll. He seeks to hold the City liable under the TTCA for actions committed by Prince, Harris, Roach, Krohn, and Carroll that were due to mistake, carelessness, inadvertence, and/or negligence. Rhodes avers that his damages were caused by the misuse of tangible property: the fingerprint cards. He seeks a declaratory judgment, attorney's fees, economic damages, damages for medical bills, damages for physical pain and emotional distress, and pre- and post-judgment interest.

In a prior opinion in this case, the court denied the City's motion to dismiss under Rule 12(b)(6) based on sovereign immunity. *Rhodes v. Prince*, No. 3:05-CV-2343-D (N.D. Tex. Apr. 11) (Stickney, J.), *rec. adopted*, No. 3:05-CV-2343-D (N.D. Tex. Apr. 26, 2006) (Fitzwater, J.) (order) ("*Rhodes I*"), *aff'd,* 215 Fed. Appx. 329 (5th Cir. 2007) (per curiam). The City had argued that Rhodes's claims were barred by the TTCA because he did not allege injury by use of tangible personal or real property. The court disagreed, holding that

> [p]laintiff's first amended complaint asserts that "the harm to him . . . was the result, at least in part, of the use of tangible personal property, and specifically, the misuse of fingerprint cards by the individual named Defendants." This allegation literally refers to the misuse of tangible personal property, despite what the City says plaintiff really means by his allegation.

*Rhodes I*, No. 3:05-CV-2343-D, at 1 (citation omitted) (ellipsis in

original). The court also denied the City's request that it dismiss Rhodes's declaratory judgment claims. It reasoned that "[b]ecause the court is not dismissing the negligence claim, and because the decision to entertain a declaratory judgment action under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, is discretionary, the court declines at this early stage of the case to dismiss that claim." *Id.* at 2.

The City now moves for judgment on the pleadings under Rule 12(c), contending that if Rhodes's tort claim is not precluded by the TTCA, it is barred by Tex. Lab. Code Ann. § 408.001 (Vernon 2006), the exclusivity provision of the Texas Workers' Compensation Act ("TWCA"), Tex. Lab. Code Ann. §§ 401.001-506.001 (Vernon 2006). The City also renews its challenge to Rhodes's request for declaratory relief, arguing that it has no duty to comply with Rhodes's demands and that its compliance would in fact be contrary to state law. Rhodes opposes the motion.

II

A Rule 12(c) motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Wright & Miller, *Federal Practice and Procedure* § 1367, at 509-10 (1990)). The motion

should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. Gen. Mills Fin. Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (Fitzwater, J.) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368, at 591 (Supp. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (footnote omitted)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks and citation omitted) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 64-65 (2007) (citations, quotation marks, and brackets omitted). "'Factual allegations must be enough to raise a right to relief

above the speculative level[.]'" *Id.* (quoting *Bell Atl.*, 127 S.Ct. at 1965).

III

The City maintains that Rhodes is alleging bodily injury caused by a coworker's use of property, which is covered by the TWCA. It therefore contends that the TWCA affords Rhodes the exclusive remedy for the injuries he alleges he sustained, and he cannot recover under the TTCA against the City. Rhodes does not deny that his injuries occurred during the course of his employment, but he argues that his particular injuries are not governed by the exclusivity provision of the TWCA because they occurred over many months, not on a specific date and time.

A

"A governmental unit that . . . accepts the workers' compensation laws of [Texas] is entitled to the privileges and immunities granted by . . . [such laws] to private individuals and corporations." Tex. Civ. Prac. & Rem. Code Ann. § 101.028 (Vernon 2005). This entitles the entity to immunity from tort liability for any injury that has its "exclusive remedy" in the TWCA. Tex. Lab. Code Ann. § 408.001 (Vernon 2006).[2] Among these injuries are those "sustained in the course of . . . employment, at least if [they] are compensable under the [TWCA]." *Walls Reg'l Hosp. v.*

---

[2]Rhodes argues that the City is not entitled to immunity because it has not "accepted" the workers' compensation laws. The court need not address this argument in light of the reasoning on which it bases this decision.

*Bomar,* 9 S.W.3d 805, 806 (Tex. 1999). But where the injuries are not compensable, they generally do not fall within the exclusivity provision of the TWCA, and a tort-law remedy can be sought. *GTE Sw., Inc. v. Bruce,* 998 S.W.2d 605, 611 (Tex. 1999) (applying rule to sustain tort cause of action for injury arising in course of employment); *Walls Reg'l Hosp.*, 9 S.W.3d at 806 n.4 (acknowledging general rule and declining to discuss possible exceptions).[3]

An "injury" that is compensable under the TWCA must involve "damage or harm to the physical structure of the body." *GTE Sw.,* 998 S.W.2d at 609-10 (quoting Tex. Lab. Code Ann. § 401.011(26)). "Damage" to the physical structure means a direct physical injury to a cell, tissue, organ, or organ system, and "harm" to the physical structure means essentially that the structure no longer functions as it should. *Hartford Acc. & Indem. Co. v. Thurmond*, 527 S.W.2d 180, 188 (Tex. Civ. App. 1975, writ ref'd n.r.e.) (citing *Bailey v. Am. Gen. Ins. Co.,* 279 S.W.2d 315, 318-19 (Tex. 1955)). Harm caused solely by emotional distress—that is, emotional distress unaccompanied by physical force or exertion—will only give rise to a compensable injury under the

---

[3]It is important to distinguish between the type of injury that is suffered by an employee and the damages that flow from the injury. Even if the *injury* is compensable, some types of *damages* are always unavailable under the TWCA. *See, e.g., Izaguirre v. Tex. Employers' Ins. Ass'n,* 749 S.W.2d 550, 553 (Tex. App. 1988, writ denied) (noting unavailability of pain and suffering damages). There is no suggestion in Texas law that a plaintiff who suffers an otherwise compensable injury may seek unavailable damages in tort.

TWCA if it is due to an "undesigned, untoward event traceable to a definite time, place, and cause." *GTE Sw.*, 998 S.W.2d at 610; *see also Transp. Ins. Co. v. Maksyn*, 580 S.W.2d 334, 336-38 (Tex. 1979). "In other words it [must be] the result of an accident." *Transp. Ins. Co.*, 580 S.W.2d at 336. For example, an employee has a compensable injury when he has been physically debilitated by emotional distress after watching a coworker fall to his death. *See id.* at 336-37 (discussing *Bailey*, 279 S.W.2d at 318-19). But where an employee "does not point to any particular event that caused the [injuries], and instead refers to the scope of [mentally traumatic] events occurring over [a period of time]," there will not be a compensable injury under the TWCA. *GTE Sw.*, 998 S.W.2d at 611. Accordingly, the injured employee may seek recovery in tort. *Id.*

B

The only injuries that Rhodes alleges that might be considered "damage or harm to the physical structure of [his] body," *GTE Southwest*, 998 S.W.2d at 610, are the health problems he has allegedly suffered as a result of emotional distress. Rhodes avers that these injuries were due to misuse of fingerprint cards. Am. Compl. 8; *Rhodes I*, No. 3:05-CV-2343-D, at 1. The question then is whether this alleged misuse occurred over a period of time or is traceable to a definite time and place.

Viewed favorably, Rhodes alleges in his amended complaint that

he was harmed by continuous use of the fingerprint cards in substantiating false accusations against him, enabling a series of mentally traumatic events that ultimately resulted in his injury (including being informed of the accusation, placed on administrative leave, detained, interrogated, and fingerprinted). Am. Compl. 4. Because, as pleaded, this injury is attributed to an entire panoply of events and not to a particular one occurring at a definite time and place, the court cannot say, based on the amended complaint alone, that Rhodes is alleging an injury that is compensable under the TWCA and therefore subject to its exclusivity provision.

C

In its reply brief, the City seized on Rhodes's opposition reasoning to contend that Rhodes "now judicially admits he was not injured by an Arlington employee's use of tangible personal property." D. Reply Br. 2. This assertion is significant to the City, because it maintains that Rhodes's claim does not fall within the TTCA so that it survives the City's entitlement to sovereign immunity.

Although Rhodes's arguments may highlight the difficulties he will later face in attempting to fit his claim within the reach of the TTCA, the court disagrees that Rhodes has judicially admitted that he was not injured by the use of tangible personal property. Rhodes alleges that he was injured by the use of the fingerprint

cards. Am. Compl. ¶ 8. He contends in his response brief that he was not injured or damaged "as a result of a specific occurrence that can be traced to a particular date and time." P. Br. 7. But he relies nevertheless on the use of tangible personal property—the continuous use of the fingerprint cards—to recover damages for emotional distress. In other words, viewing Rhodes's amended complaint favorably, he asserts that he has suffered emotional injuries from the continuous use of tangible personal property rather than from emotional distress caused by an undesigned, untoward event traceable to a definite time, place, and cause. His claim can fall within the TTCA, yet outside the TWCA, due to this combination of coterminous circumstances.

The City also asserts that Rhodes cannot recover for the illegal, harassing behavior of his coworkers because the limited waiver of immunity under the TTCA does not apply to a claim for an intentional tort. It appears to reason that Rhodes cannot be relying on a negligent use of property if he is denying an injury-producing event. The court again disagrees. Viewed favorably to Rhodes, he is relying on the City's negligent use of the fingerprint cards to produce emotional injuries that occurred over time. As pleaded, such injuries can result from the negligent use of tangible property and still result in a type of injury that falls outside the reach of the TWCA.

Accordingly, the City's motion for judgment on the pleadings

is denied with respect to Rhodes's TTCA claim.

IV

Rhodes also seeks a declaratory judgment that the City must expunge all record of his arrest, detention, criminal prosecution, and internal affairs investigation and deliver them to him. The City maintains that it does not have a duty to comply with Rhodes's demand to expunge records, and that compliance with such a demand would be contrary to Texas law.

The City's arguments are similar to those raised in *Rhodes I*, and the circumstances of the case have not materially changed. Accordingly, without suggesting that declaratory relief is available to Rhodes in this context or that the court in its discretion will later decide to entertain such a claim for the type of relief requested, the court declines to dismiss Rhodes's declaratory judgment claim, essentially for the reasons given in *Rhodes I*. See *Rhodes I,* No. 3:05-CV-2343-D, at 2.

\* \* \*

The court denies the City's July 26, 2007 Rule 12(c) motion for judgment on the pleadings.

**SO ORDERED.**

October 11, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE