IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL F. RHODES, §
 §
 Plaintiff, §
 § Civil Action No. 3:05-CV-2343-D
VS. §
 §
TIBOR PRINCE, et al., §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

Following the Fifth Circuit's recent decision in this case, *Rhodes v. Prince,* 2008 WL 1708994 (5th Cir. Apr. 9, 2008) (per curiam), the individual defendants—Tibor Prince, William Harris, James Roach, III, Gary Krohm, and Jerry Carroll—move for entry of a final judgment of dismissal. For the reasons that follow, the court grants the motion.

I

Plaintiff Daniel Rhodes ("Rhodes"), a crime scene investigator employed by the City of Arlington, Texas ("City"), filed suit against the City and the individual defendants—all City police officers—alleging various claims under Texas law and 42 U.S.C. § 1983. The court dismissed Rhodes's state-law tort claims against the individual defendants. *Rhodes v. Prince*, No. 3:05-CV-2343-D (N.D. Tex. Mar. 28) (Stickney, J.), *rec. adopted*, No. 3:05-CV-2343-D (N.D. Tex. Apr. 11, 2006) (order) (Fitzwater, J.). In a separate order, the court denied the City's motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on sovereign immunity. *Rhodes v. Prince*,

No. 3:05-CV-2343-D (N.D. Tex. Apr. 11) (Stickney, J.), *rec. adopted*, No. 3:05-CV-2343-D (N.D. Tex. Apr. 26, 2006) (order) (Fitzwater, J.), *aff'd,* 215 Fed. Appx. 329 (5th Cir. 2007) (per curiam). Thereafter, based on qualified immunity, the court dismissed all of Rhodes's § 1983 claims—except his First Amendment retaliatory prosecution claim—against the individual defendants. *Rhodes v. Prince,* 2007 WL 431049, at *8 (N.D. Tex. Feb. 8, 2007) (Fitzwater, J.) ("*Rhodes I*"), *vacated*, 2008 WL 1708994 (5th Cir. Apr. 9, 2008) (per curiam). The individual defendants appealed the denial of qualified immunity as to that claim, and the Fifth Circuit vacated and remanded.

The Fifth Circuit held that Rhodes's retaliatory prosecution claim should have also been dismissed because Rhodes failed to adequately plead that a "criminal action was commenced against him." *Rhodes*, 2008 WL 1708994, at *1. Rhodes had alleged that a prosecution commenced when he was arrested, but the panel held that an arrest can establish a retaliatory prosecution claim only when it is *lawfully* performed*. See id.* (citing Restatement (Second) of Torts § 654 (1977)). And because Rhodes had alleged that his arrest was *unlawful,* his claim failed. *Id.* at *2.

The Restatement section on which the panel relied provides, in part, that

> [i]f the arrest is not a valid one, an action for malicious prosecution will not lie unless some further step is taken, such as bringing the accused before a magistrate for determination whether he is to be held. If there is nothing more than the false arrest and the accused is released without any further proceeding, his remedy is an action for false imprisonment.

Restatement (Second) of Torts § 654, cmt. e. In apparent reliance on the last sentence, the panel stated in *dicta* that, although Rhodes had no malicious prosecution claim and the individual defendants should have been granted qualified immunity on the retaliatory prosecution claim, this was "not to say, however, that Rhodes may not be able to successfully pursue a Fourth Amendment claim. While the district court dismissed [Rhodes's] Fourth Amendment claim, Rhodes still has the opportunity to pursue that cause of action. That matter can be taken up by the district court on remand." *Rhodes*, 2008 WL 1708994, at *2. The panel vacated and remanded this court's judgment in *Rhodes I* without giving explicit directives concerning how the court or the parties should proceed with such a Fourth Amendment claim on remand. *See id.*[1]

Citing this part of the panel's opinion, Rhodes contends that the decision amounts to a reversal of this court's ruling in *Rhodes*

---

[1] The court recognizes that it is bound to implement the Fifth Circuit's mandate. *See, e.g., Gen. Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 453 (5th Cir. 2007) ("[O]n remand the district court must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." (internal quotation marks omitted)).

*I* dismissing his Fourth Amendment false arrest claim. If he is correct, this would leave him with a § 1983 claim against the individual defendants and preclude the court from entering the final judgment that they seek. But if Rhodes does not have a remaining Fourth Amendment false arrest claim, the individual defendants are entitled to entry of a final judgment under Fed. R. Civ. P. 54(b), because there are no remaining causes of action against them. Only Rhodes's action against the City would remain pending.

II

In *Rhodes I* the court dismissed all of Rhodes's § 1983 claims against the individual defendants except their First Amendment-based retaliatory prosecution claim. The individual defendants took an interlocutory appeal because the court's decision in part denied them qualified immunity. Rhodes did not cross-appeal.

The Fifth Circuit's opinion does not appear to explicitly reverse the court's dismissal in *Rhodes I* of Rhodes's Fourth Amendment false arrest claim. The passage that addresses this claim appears to be *dicta*, and the opinion does not make definitive statements about the viability of the claim. *See Rhodes*, 2008 WL 1708994, at *1 ("[T]he plaintiff *could* have a claim for false imprisonment[.]" (emphasis added)); *id.* at *2 ("That matter can be taken up by the district court on remand."). Moreover, Rhodes did not take a cross-appeal, and it is unlikely that the panel intended

to reverse the dismissal of a claim that was neither appealed by the individual defendants—because the court *granted* them qualified immunity—nor by Rhodes. It is arguable that the Fifth Circuit would have lacked jurisdiction to reverse the court's Fourth Amendment ruling under these circumstances. *See, e.g., Brown v. Miller,* 519 F.3d 231, 236 (5th Cir. 2008) ("We have appellate jurisdiction to review a district court's order *denying* a motion to dismiss on the basis of qualified immunity." (emphasis added)); *Kelly v. Foti,* 77 F.3d 819, 822 (5th Cir. 1996) ("Because [plaintiff] did not file a notice of appeal or cross-appeal . . . we lack jurisdiction to alter the district court's judgment in her favor."); *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 239 n.2 (5th Cir. 1990) (holding that appellee's failure to file cross-appeal prevented it from reaching issue that may have warranted reversal in appellee's favor) ("[T]he filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction." (internal quotation marks omitted)).

It is perhaps conceivable that the panel envisioned some other Fourth Amendment claim than the one the court dismissed in *Rhodes I*. But this possibility is dubious at best. The opinion states that, "[w]hile the district court dismissed his Fourth Amendment claim, Rhodes still has the opportunity to pursue *that cause of action*." *See Rhodes,* 2008 WL 1708994, at *2 (emphasis added)). And, reading the opinion as a whole, there is no indication that

the Fifth Circuit intended to suggest that Rhodes could pursue a *new* Fourth Amendment claim that he had not yet pleaded and that this court had not addressed in *Rhodes I*, when it had the opportunity, as the Fifth Circuit commands, to address at an early stage in the litigation whether the individual defendants were entitled to qualified immunity as to all the § 1983 claims asserted against them. *See, e.g., Murray v. Earle*, ___ Fed. Appx. ___, 2008 WL 1744257, at *4 (5th Cir. Apr. 11, 2008) (per curiam) ("Qualified immunity . . . should be addressed by a district court in the early stages of litigation." (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).

What is more likely is that the panel intended that, in light of the principles discussed in its opinion, this court should reconsider its ruling in *Rhodes I* dismissing Rhodes's Fourth Amendment false arrest claim. Absent other, more plausible readings of the Fifth Circuit's opinion, the court will undertake this reexamination in deciding whether the individual defendants are entitled to entry of a final judgment.

III

When the panel stated that Rhodes "could have a claim for false imprisonment," it relied on comment "e" of § 654 of the Restatement. *Rhodes,* 2008 WL 1708994, at *1. The comment explains that, although an *unlawful* arrest cannot give rise to a claim for retaliatory prosecution, it can support a claim for false

imprisonment. *See* Restatement (Second) of Torts § 654, cmt. e. Its focus is on the lawful/unlawful character of the arrest; it does not address the question whether an arrest actually occurred. *See id.*

This court's decision in *Rhodes I*, by contrast, rested on the latter question, holding that the individual defendants were entitled to qualified immunity dismissing Rhodes's Fourth Amendment false arrest claim because Rhodes had failed to plead an actual "seizure" (i.e., an "arrest") within the meaning of the Fourth Amendment. *Rhodes I,* 2007 WL 431049, at *7–*8.[2]

> A seizure of a person within the meaning of the Fourth and Fourteenth Amendments occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.

*Id.* at *7 (internal quotation marks omitted) (quoting *Kaupp v. Texas*, 538 U.S. 626, 629 (2003) (per curiam)). Because this raises challenging issues "where the police who allegedly 'seized' Rhodes are also Rhodes's employers," the court noted that it "'must distinguish between a police department's actions in its capacity

---

[2] The court analyzed this question in the context of defendants' assertion of the defense of qualified immunity. *See Rhodes I,* 2007 WL 431049, at *1. To decide whether the individual defendants were entitled to qualified immunity, the court was required to answer first the threshold question whether, taken in the light most favorable to Rhodes, the facts he had alleged showed that defendants' conduct violated a constitutional right. *See id.* at *2.

as an employer and its actions as the law enforcement arm of the state.'" *Id.* (quoting *Driebel v. City of Milwaukee*, 298 F.3d 622, 637 (7th Cir. 2002)). "'[A] claim that a government supervisor has seized a public employee in violation of the Fourth Amendment must allege circumstances that implicate more than the obligations that arise from the employment relationship.'" *Id.* at *7 (quoting *Reyes v. Maschmeier*, 446 F.3d 1199, 1202 (11th Cir. 2006)).

Applying these principles, the court held that Rhodes's Rule 7(a) reply was inadequate:

> The Rule 7(a) reply does not support the conclusion that when Rhodes was called to the police station, he was being investigated pursuant to criminal charges rather than as an employee on administrative leave, undergoing an internal investigation of possible misbehavior for purposes of his continued employment . . . . Although Rhodes alleges that he did not *consent* to [being] fingerprint[ed], he does not assert that he did not feel free to leave or to refuse to submit to fingerprinting. While he may have risked losing his job by not complying with the requests of the officer conducting the internal affairs investigation, Rhodes does not allege that he feared a possible criminal arrest or detention for failing to comply.

*Id.* at *7-*8. The court concluded that the individual defendants were entitled to qualified immunity because Rhodes failed to plead facts that showed that he had been arrested, within the meaning of the Fourth Amendment.

Accordingly, the court holds that the principles discussed in the Fifth Circuit's opinion do not change this court's decision in

*Rhodes I* dismissing Rhodes's Fourth Amendment false arrest claim against the individual defendants. Section 654 of the Restatement, on which the panel relied, focuses on the distinction between lawful and unlawful arrests, and it does not address the dispositive question addressed in *Rhodes I*: whether Rhodes was "arrested" in the first place.

\* \* \*

For the foregoing reasons, the court holds that the individual defendants are entitled to the entry of final judgment dismissing Rhodes's actions against them with prejudice. When the individual defendants appealed this court's ruling in *Rhodes I*, the court had already dismissed all of Rhodes's federal- and state-law claims against them except his First Amendment-based retaliatory prosecution claim. The Fifth Circuit vacated this court's decision denying qualified immunity as to that claim, holding that the individual defendants were entitled to qualified immunity. This court has today declined to alter its conclusion that the individual defendants are entitled to qualified immunity because Rhodes has failed to plead a Fourth Amendment false arrest claim. Consequently, there are no remaining causes of action against the individual defendants, and entry of a final judgment is warranted.

A Rule 54(b) final judgment will be filed contemporaneously with the filing of this memorandum opinion and order.

**SO ORDERED.**

June 11, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE