```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

DANIEL F. RHODES,                §
                                 §
            Plaintiff,           §
                                 § Civil Action No. 3:05-CV-2343-D
VS.                              §
                                 §
TIBOR PRINCE, et al.,            §
                                 §
            Defendants.          §
```

                     MEMORANDUM OPINION
                         AND ORDER

Defendants' August 15, 2008 motion to stay all discovery is denied.[1]

                              I

The background facts and procedural history of this case are set out in prior opinions of this court and of the Fifth Circuit and need not be repeated at length for purposes of this decision. Plaintiff Daniel Rhodes ("Rhodes"), a crime scene investigator employed by the City of Arlington, Texas ("City"), sued the City and the individual defendants[2]—all City police officers—alleging various claims under Texas law and 42 U.S.C. § 1983. The court

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The individual defendants are Tibor Prince, William Harris, James Roach, III, Gary Krohm, and Jerry Carroll.

dismissed Rhodes's state-law tort claims against the individual defendants, later dismissed all but one of Rhodes's § 1983 claims against the individual defendants based on qualified immunity, and in June of this year dismissed Rhodes's remaining § 1983 claim against the individual defendants, entering a Fed. R. Civ. P. 54(b) final judgment. *See Rhodes v. Prince*, 2008 WL 2416256 (N.D. Tex. June 11, 2008) (Fitzwater, C.J.), *appealed docketed*, No. 08-10794 (5th Cir. Aug. 14, 2008). Rhodes has appealed the dismissal of his suit against the individual defendants. His action against the City remains pending.

Rhodes now seeks to take the depositions of the individual defendants. The City and the individual defendants move the court to stay all discovery pending the resolution of his appeal, contending that although the individual defendants will eventually be deposed in this case, it would be highly prejudicial to allow Rhodes to depose them before the Fifth Circuit has determined on appeal whether the individual defendants are entitled to qualified immunity. Defendants maintain that because the facts on which Rhodes relies to sue the City and the individual defendants are precisely the same (only the legal theories of recovery are different), and because Rhodes has appealed the judgment dismissing his claims against the individual defendants, the individual defendants and the City must decide whether to proceed with individual representation in discovery to protect the personal

interests of the individual defendants. According to defendants, this will cause them to incur substantial costs and lose the benefit of the court's determination that they are entitled to qualified immunity. And if the individual defendants are deposed without individual representation, they will face the possibility that their testimony will be used against them individually if the Fifth Circuit reverses this court's decision granting them qualified immunity. Defendants maintain that if Rhodes is successful on appeal, he may then obtain discovery from all defendants as parties; if he is unsuccessful, he may still depose the individual defendants as fact witnesses in his case against the City. They reason that this approach will reduce costs and promote judicial efficiency.

II

A party who is entitled to qualified immunity is not immune from all discovery. He is only immune from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). Qualified immunity is intended to protect officials from the costs of "broad-reaching" discovery. *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). Although these standards were announced in the context of addressing what discovery is permissible when litigating entitlement to qualified immunity rather than, as here, deciding what discovery can be obtained from someone who *is* entitled to qualified immunity, the

court concludes that they apply as well in this context.

Defendants have not demonstrated that Rhodes is seeking discovery that is avoidable, overly broad, or broad-reaching. Indeed, defendants appear to recognize at a general level (i.e., without conceding that each deposition question will be proper) that Rhodes is seeking discovery that is pertinent to his lawsuit against the City. And they recognize that the individual defendants can be called to testify as fact witnesses in Rhodes's suit against the City. Defendants have not established that Rhodes is seeking discovery from the individual defendants that he is precluded from obtaining, or that their anticipated deposition testimony would in any respect be different were they still defendants to this lawsuit rather than mere fact witnesses. And because the individual defendants are entitled to qualified immunity under the law of the case, their professed concern about whether the City will pay for their representation at their depositions is one that the City and the individual defendants must resolve among themselves. It is insufficient to preclude Rhodes from obtaining discovery that defendants have failed to show is avoidable, overly broad, or broad-reaching.

* * *

Because defendants have not demonstrated that discovery should be stayed, their August 15, 2008 motion to stay all discovery is denied.

**SO ORDERED.**

October 3, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE